IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05CR104-A |
| | ) | WO |
| RIGOBERTO MORALES-CRUZ, | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Morales has filed a motion for relief from prejudicial joinder (Doc. # 49), contending that his trial should be severed from that of his co-defendants pursuant to Fed.R.Crim.P. 14.[1] The six-count indictment in this case charges Morales with two counts of conspiring with one or more co-defendants to distribute and possess with intent to distribute controlled substances, on two separate dates, in violation of federal law. Defendant contends that Morales' co-defendant, Russell Carvalho, has given a statement to arresting officers which incriminates him as well as Morales,[2] and "which is the only evidence linking Morales to the crime charged in the indictment." Motion at 2. Defendant argues that his case meets the standard for severance under the Supreme Court's ruling in <u>Zafiro v. United States</u>, 506 U.S. 534 (1993).

---

[1] Fed. R. Crim. P. 14 provides that "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

[2] The statement indicates, *inter alia*, that Morales supplied ice methamphetamine to Carvalho for distribution on a number of occasions and that Morales kept large quantities of methamphetamine, along with weapons and bricks of cocaine, in a "stash house."

"In <u>Zafiro v. United States</u>, ... the Supreme Court set down a two-step test for determining whether a defendant is entitled to a new trial due to a district court's refusal to sever prior to trial or to grant a mistrial once trial has commenced." <u>United States v. Blankenship</u>, 382 F.3d 1110, 1122 (11th Cir. 2004). "First, a defendant must demonstrate that he was somehow prejudiced by a joint trial." <u>Id</u>. However, with regard to prejudice, "the Court clarified that '[m]utually antagonistic defenses are not prejudicial per se.'" <u>Id</u>. (citation omitted). "The Court specifically rejected the notion that defendants who have contradictory defenses are inherently prejudiced simply because 'a jury will conclude [either] that both defendants are lying and convict them both on that basis, or that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt.'" <u>Id.</u>.

"[A]fter finding that a defendant has suffered prejudice under step one of the <u>Zafiro</u> test, [the court] then turn[s] to the second step -- determining whether severance (or a mistrial) is the proper remedy for that prejudice." <u>Id</u>. As the Supreme Court emphasized, "'Rule 14 does not require severance ... [R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.'" <u>Id</u>. (citation omitted). The Court has determined that "[t]here are only two circumstances in which severance is the only permissible remedy" -- where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable

judgment about guilt or innocence." Id. at 1122-23. "Aside from the two categories of defendants specified by the Supreme Court, most other defendants prejudiced by a joint trial are entitled only to curative instructions." Id. at 1123.

As the Eleventh Circuit has explained, "[t]he first scenario for mandatory severance (or mistrial) described by the Court exists only where a joint trial leads to the denial of a constitutional right." Id. "Regarding the second scenario mentioned by Zafiro, the Court did not clearly explain what it meant by a jury being prevented from 'making a reliable judgment.' Based on the Court's ensuing discussion, however, as well as an examination of subsequent precedent, it seems that courts have applied this exception in primarily three situations. While this list appears to be fairly comprehensive, it is quite possible that other factors could also prevent a jury from 'making a reliable judgment.'" Id.

"First, severance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant." Id. However, "[i]n general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered. The mere fact that there may be an 'enormous disparity in the evidence admissible against [one defendant] compared to the other defendants' is not a sufficient basis for reversal. A defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the

evidence at trial is applicable only to co-defendants." Id. "Severance must be granted where evidence is admissible against only one defendant only where that evidence is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." Id. at 1124. " In such cases, the better course of action is to have separate trials in order to confine such powerful evidence to the defendants against whom it may properly be used." Id.

Second, "[t]he 'reliable judgment' exception also applies in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." Id. "Finally, severance is required under Zafiro where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." Id.     In this case, defendant is unable to pass either step of the Zafiro test. First, he is unable to demonstrate prejudice. Defendant has not specifically identified any mutually antagonistic defenses that will be offered by defendant and any co-defendant. "The Supreme Court has held that co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a

jury to believe both co-defendants' defenses." Id. Defendant has not shown how a joint trial will prejudice him in any other legally cognizable way.

Further, even if the defendant has shown prejudice, he does not fall within the categories of defendants set out by Zafiro to whom severance must be granted. First, defendant does not claim that any of his substantive trial-related rights would be violated by a joint trial. Second, even if Carvalho's confession does strongly incriminate the defendant, there is nothing before the court to show that Carvalho's testimony would not also be admissible against defendant if he were tried separately. As the Supreme Court has noted, "[w]hile '[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence,' ... a fair trial does not include the right to exclude relevant and competent evidence. A defendant normally would not be entitled to exclude the testimony of a former codefendant if the district court did sever their trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant." Zafiro, 506 U.S. at 540.

Finally, the court cannot conclude that the jury will be unable to make a reliable judgment in this case if defendant is tried with other co-defendants. This is not one of the extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or

innocence of each defendant independently. To the extent that some of the evidence that would be offered in a joint trial might relate only to other co-defendants, this court is persuaded that jurors will be able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered. Further, defendant is not charged with a crime that, while somehow related, is significantly different from the charges against the other defendants. Because the defendants are alleged to have conspired with each other, and the charges concern essentially related courses of criminal conduct (as discussed in Carvalho's statement), it is not unduly confusing to join them for trial.

Accordingly, severance pursuant to Fed. R. Crim. P. 14 does not appear to the court to be warranted in this case. "'There is a preference in the federal system for joint trials of defendants who are indicted together.'" United States v. Talley, 108 F.3d 277, 279 (11th Cir. 1997). "'[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.'" Id. at 280. The court has no reason to believe in this case that the jury cannot independently evaluate the evidence against each co-defendant, follow the court's limiting instructions when appropriate, and arrive at an individualized determination as to each defendant.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion for relief from prejudicial joinder be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before the close of business on July 28, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of July, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER

UNITED STATES MAGISTRATE JUDGE